TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | No. 85-1201 |
| | : | |
| of | : | FEBRUARY 3, 1987 |
| | : | |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| JACK R. WINKLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY, COUNTY OF VENTURA, has requested an opinion on the following question:

Does a county probation officer have a duty to make a child abuse report when he or she knows or reasonably suspects that a juvenile has a non-accidental physical injury inflicted by the police in the course of the juvenile's arrest?

CONCLUSION

A county probation officer has no duty to make a child abuse report when he or she knows or reasonably suspects that a juvenile has a non-accidental physical injury inflicted by the police in the course of the juvenile's arrest unless he or she knows or reasonably suspects that the force used to inflict the injury was not reasonably necessary to effect the arrest, prevent escape or overcome the resistance of the minor.

1

ANALYSIS

Penal Code Section 11166(a) in the child abuse reporting law provides in part:

". . . any . . . employee of a child protective agency who has knowledge of or observes a child . . . within the scope of his or her employment whom he or she knows or reasonably suspects has been the victim of child abuse shall report the known or suspected instance of child abuse to a child protective agency . . . . For the purposes of this article, 'reasonable suspicion' means that it is objectively reasonable for a person to entertain such a suspicion, based upon facts that could cause a reasonable person in a like position, drawing when appropriate on his or her training and experience, to suspect child abuse."

Section 11165[1] defines certain terms used in the child abuse reporting law as follows:

"(a) 'Child' means a person under the age of 18 years."

". . . . . . . . . . . . . . . . . . . . . .

"(g) 'Child abuse' means a physical injury which is inflicted by other than accidental means on a child by another person.

". . . . . . . . . . . . . . . . . . . . . .

"(k) 'Child protective agency' means a police or sheriff's department, a county probation department, or a county welfare department."

We are asked whether the child abuse reporting requirements are applicable to a probation officer dealing with a minor who has incurred physical injuries in the course of being arrested by a peace officer. In addressing this issue we must differentiate between two factual situations. The physical injuries incurred by a minor during his or her arrest may result from the application of the use of reasonable force or by the use of excessive force. Section 835 provides:

---

[1] Section references are to the Penal Code unless otherwise indicated.

2

"An arrest is made by an actual restraint of the person, or by submission to the custody of an officer. The person arrested may be subjected to such restraint as is reasonable for his arrest and detention."

Section 835a provides in part:

"Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance."

When a peace officer arrests a minor for a crime Welfare and Institutions Code section 626 requires the peace officer to deliver the minor to the probation officer without unnecessary delay for proceedings under the Juvenile Court Law unless the minor is released from custody. It is not uncommon for the minor to complain to the probation officer of mistreatment by the arresting officer in such situations. The question presented requires us to determine whether the probation officer is required to report such cases under the child abuse reporting law.

An analysis of section 11166(a), *supra*, reveals that a duty to report arises when:

(1) an employee of a child protective agency
(2) has knowledge of or observes a child
(3) within the scope of his or her employment
(4) whom he knows or reasonably suspects
(5) has been the victim of child abuse.

A probation officer is an employee of a child protective agency under section 11165(k) so element (1) of the reporting requirement is satisfied. We assume the juvenile referred to in the question is a minor under the age of 18 whom the police have taken into temporary custody pursuant to Welfare and Institutions Code section 625 because the minor has committed a crime. Thus the juvenile is a child under section 11165(a), *supra*. The question posits as facts that the probation officer "knows or reasonably suspects that a juvenile has a nonaccidental physical injury inflicted by the police in the course of the juvenile's arrest." This knowledge or suspicion of a particular child's injuries satisfies elements (2) and (4) of the reporting requirement. We assume that the probation officer's contacts with the child are within the scope of his or her employment so element (3) is also satisfied.

The remaining question is whether the physical injuries inflicted on the juvenile by the police in the course of the juvenile's arrest make the juvenile a "victim of

3

child abuse". This requires a careful analysis of the term "child abuse." We have noted that the child abuse reporting law defines child abuse to mean "a physical injury which is inflicted by other than accidental means on a child by another person." (§ 11165(g).) Read literally this would include physical injury inflicted on a minor by a peace officer which was reasonably necessary to effect the minor's lawful arrest. However, we do not believe that the Legislature intended that the physical injuries which result from the use of reasonable force which it has authorized peace officers to use to effect an arrest of a minor is to be reported as child abuse under the child abuse reporting law. Use of the word "abuse" suggests that Legislature contemplated that the conduct in question is excessive and unauthorized.[2] The courts will disregard the literal meaning of statutory language when necessary to avoid absurd results or to effectuate manifest legislative purposes. (*Henreid* v. *Superior Court* (1976) 59 Cal.App.3d 552.) We conclude that physical injuries incurred by a minor caused by use of reasonable force used by a peace officer to effect the lawful arrest of the minor does not constitute child abuse within the meaning of the child abuse reporting law.

On the other hand when excessive force is used in the arrest of the minor by a peace officer which inflicts a physical injury on the minor, we find no statutory or other reason why such an injury is not child abuse as that term is defined in the child abuse reporting law. If the other requisites of reporting as outlined above are present section 11166(a) requires a probation officer (as an employee of a child protective agency) to report such an injury as child abuse when he or she "knows or reasonably suspects" the minor has been the victim of child abuse.

We recognize that our interpretation of child abuse requires the probation officer to consider whether the force used to effect the arrest of the minor was reasonably necessary or excessive when determining his or her duty to report any resulting physical injury to the minor as child abuse. This means that the reasonableness of the force used to inflict the injury must be considered as well as the age of the person, whether a physical injury was inflicted, whether it was self inflicted, or accidental to determine whether

---

[2] When the Legislature rewrote the child abuse reporting law in 1980 it explained its intent in part as follows:

"In enacting [the child abuse reporting law], the Legislature recognizes that the reporting of child abuse and any subsequent action by a child protective agency involves a delicate balance between the right of parents to control and raise their own children by imposing reasonable discipline and the social interest in the protection and safety of the child. Therefore, it is the intent of the Legislature to require the reporting of child abuse which is of a serious nature and is not conduct which constitutes reasonable parental discipline." (Ch. 1071, Stats. 1980, § 5, p. 3425.)

there is any child abuse which must be reported under the child abuse reporting law. The duty to report does not arise until knowledge or reasonable suspicion of each fact necessary to establish child abuse enters the mind of a person required to make child abuse reports. Section 11166(a) defines reasonable suspicion to mean that "it is objectively reasonable for a person to entertain such a suspicion, based upon facts that could cause a reasonable person in a like position, drawing when appropriate on his or her training and experience, to suspect child abuse." Unless the probation officer's suspicion of child abuse rises to the level of the statutory test there is no duty to report such suspicion.

A probation officer is not required to accept the minor's version of what happened during the minor's arrest. The minor's account of what happened may or may not give rise to knowledge or reasonable suspicion of child abuse in the probation officer's mind. Other information possessed by the probation officer may indicate that the minor is lying. The probation officer might well make inquiries of the arresting officer and other witnesses to determine whether any suspicion raised by the minor's account was reasonable. We do not suggest that the probation officer is to make a full investigation of all relevant facts before deciding that his or her suspicion of child abuse is reasonable. That is the roll of the child protective agency to whom a child abuse report is made. Nevertheless the child abuse reporting law contemplates that the persons required to report child abuse will obtain sufficient information of the circumstances to determine whether any suspicion they might have of child abuse is reasonable.[3]

We conclude that a probation officer does not have a duty to make a child abuse report when he or she knows or reasonably suspects that a juvenile has a non-accidental physical injury inflicted by the police in the course of the juvenile's arrest unless he knows or reasonably suspects that the force causing the injury was not reasonably necessary to effect the arrest, to prevent escape, or to overcome the resistance of the minor.

*****

---

[3] In *Planned Parenthood Affiliates* v. *Van de Kamp* (1986), 181 Cal.App.3d 245, the court held that the child abuse reporting law did not require a doctor to report consensual sex between minors under 14 absent "indicia of actual sexual or other abuse in the judgment of the reporting professional involved." The court rejected the view expressed in 67 Ops.Cal.Atty.Gen. 235 (1984) that a child abuse report is required when a child under 14 receives medical attention for a sexually transmitted disease, for pregnancy or for an abortion. The court said that our 1984 opinion departed "from the norm of employing trained professional judgment to determine abuse on a case-by-case basis." (*Id.*, p. 261) On page 273 of its opinion the court observed: "A fundamental part of the reporting law is to allow the trained professional to determine an abusive from a nonabusive situation."

85-1201